IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| EMILIE DEAN BENTLEY,<br><br>Plaintiff,<br><br>v.<br><br>RYAN E. CHRISTENSEN; and BRIAN R. BARNHILL,<br><br>Defendants. | **ORDER ADOPTING REPORT AND RECOMMENDATIONS**<br><br>Case No. 2:25-cv-01047-JNP-JCB<br><br>Chief District Judge Jill N. Parrish |

Before the court is plaintiff Emilie Dean Bentley's objection to Magistrate Judge Jared C. Bennett's Report & Recommendation (R&R). For the reasons explained herein, the court OVERRULES Bentley's objection, ADOPTS the R&R, and DISMISSES Plaintiff's complaint without prejudice.

## BACKGROUND

On November 17, 2025, plaintiff Emilie Dean Bentley filed a complaint against defendants Ryan E. Christensen and Brian R. Barnhill. Bentley sued Christensen, a Utah State Judge, and Barnhill, an attorney appearing in a state-court proceeding, seeking various forms of declaratory and injunctive relief to halt ongoing state-court proceedings that she alleges to be constitutionally defective.

Barnhill moved to dismiss on February 2, 2026, and Christensen moved to dismiss on May 26, 2026. Dkt. Nos. 15, 24. Bentley filed responses to those motions on February 4, 2026, and June 6, 2026, respectively. Dkt. Nos. 16, 26.

On August 5, 2026, Magistrate Judge Jared C. Bennett issued an R&R, in which he recommended that: (1) Bentley's complaint be dismissed without prejudice for want of subject-matter jurisdiction; (2) Bentley's motion for preliminary and permanent injunction, amended motion for preliminary and permanent injunction, and motion to expedite be denied as moot; (3) Barnhill's motion to dismiss be denied as moot; (4) Christiansen's motion to dismiss be denied as moot; and (5) Barnhill's motion for attorney's fees be denied. Dkt. No. 27. Judge Bennett notified the parties that they were required to file any objections within 14 days of service and that a failure to object may constitute waiver.

On August 17, 2026, Bentley filed a timely objection to the R&R. Dkt. No. 28.

## ANALYSIS

The court reviews *de novo* the portions of the R&R to which Bentley has timely objected. *See* FED. R. CIV. P. 72(b)(3). As Bentley is proceeding *pro se*, this court liberally construes her filings but otherwise declines to act as her advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### I. PLAINTIFF'S OBJECTIONS ARE OVERRULED.

Bentley lodges four discernable objections to Judge Bennett's R&R.

#### A. *The R&R Fairly Characterizes the Dispute.*

Bentley first objects that the report "materially mischaracterizes" her arguments by treating them merely "as dissatisfaction with prior state-court proceedings." Dkt. No. 28, at 4. The court disagrees: Judge Bennett's R&R fully and fairly characterizes Bentley's claims. This objection is therefore overruled.

B. *Plaintiff Does Not Have Article III Standing.*

Bentley next objects to the R&R's conclusion that she does not have Article III standing. *Id.* at 6. The R&R concluded that Bentley states only "vague allegations of future harm . . . [that] are uncertain to occur at all, and if they do, they are shared by any other litigant that comes before the state court." Dkt. No. 27, at 7. Bentley argues that she has standing because she "identifies completed procedural events followed by continuing consequences and subsequent conduct in the same underlying proceeding." Dkt. No. 28, at 6.

To establish Article III standing, "a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). The burden of establishing these elements is on the party invoking federal jurisdiction. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). "Although a plaintiff may present evidence of a past injury to establish standing for retrospective relief, he must demonstrate a continuing injury to establish standing for prospective relief." *Jordan v. Sosa*, 654 F.3d 1012, 1019 (10th Cir. 2011).

This court agrees with the R&R that Bentley's vague allegations of future harm fail to support Article III standing. *See* Dkt. No. 27, at 7. At their core, Bentley's claims are that her constitutional rights were violated when she was not permitted to participate in a state-court proceeding. Her allegations describe a *completed* event, and her attempts to frame that completed event as a *continuing* injury are unavailing. *See Buchwald v. U. of New Mexico Sch. of Med.*, 159 F.3d 487, 494 (10th Cir. 1998) (holding that where the substance of a complaint alleged past constitutional harms, standing for prospective relief was foreclosed by the plaintiff's failure to demonstrate a real and immediate threat of suffering a similar injury in the future); *Facio v. Jones*,

929 F.2d 541, 544 (10th Cir. 1991) (explaining that a plaintiff must demonstrate a good chance of being constitutionally injured in the future to maintain a claim for declaratory or injunctive relief). Bently has set forth a detailed theory of how she was injury, but she has not demonstrated how she will be similarly harmed again in the future. These allegations are insufficient to establish standing for the prospective relief she seeks.

This court therefore agrees with the R&R's conclusion that Bentley has failed to establish standing.

C. *Plaintiff's Third and Fourth Objections are Overruled Because She Lacks Standing.*

Third, Bentley argues that the report "fails to separately analyze the two distinct capacities and interests presented or address[] Plaintiff's request to submit the Trust Two materials for confidential judicial review." *Id.* at 8. The court does not reach this objection because it holds that Bentley does not have standing.

Finally, Bentley argues that it is 28 U.S.C. § 1331, rather than the All Writs Act, 28 U.S.C. § 1651(a), that supplies the court with subject matter jurisdiction over her claims. Dkt. No. 28, at 4. As above, the court does not reach this objection because it holds that Bentley does not have standing.

## II. THE COURT ADOPTS JUDGE BENNETT'S RECOMMENDATION TO DENY BARNHILL'S MOTION FOR ATTORNEY FEES.

The court agrees with Judge Bennett that Barnhill's motion for attorney fees should be denied because it is based on a state statute that has no application in federal court.

## CONCLUSION

For the above stated reasons, the court orders as follows:

1) The court OVERRULES Bentley's objections to the R&R. The court agrees with the R&R that this action should be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction on the grounds raised in the R&R.

2) The court further ADOPTS the R&R's recommendation and orders that Barhill's request for attorney fees be denied. Dkt. No. 15.

3) The court DENIES AS MOOT the following motions: the motions for a preliminary injunction and the motion for an expedited ruling, Dkt. Nos. 9, 10, 17, Barnhill's motion to the extent that he seeks dismissal of this action, Dkt. No. 15, and Christensen's motion to dismiss, Dkt. No. 24.

DATED September 22, 2026.

BY THE COURT

Jill N. Parrish
Chief United States District Court Judge
District of Utah